# Exhibit 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| v. | ) Criminal Case No. 22-95 (RJL) |
| | ) |
| SOTO, JR. et al | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM ORDER
(February 7, 2023) [Dkt. # 43, 44, 45]

Before the Court is the Motion to Dismiss Indictment for Violation of Speedy Trial Act by defendants Benjamin Soto, Jr. ("Soto"), Refugio Veronica Quintero Moreno ("Moreno"), and Angel Adan Valenzuela ("Valenzuela").[1] Upon consideration of the oral arguments and briefs submitted by the parties, and applying the Speedy Trial Act ("STA"), 18 U.S.C. § 3161, *et seq.*, and Federal Rule of Criminal Procedure 48(b)(3), the defendants' Motion to Dismiss with Prejudice is GRANTED in part. The Indictment will be DISMISSED *without* prejudice.

Pursuant to the STA, the Court dismisses the Indictment because the Government failed to try the defendants within 70 days of the date of their arraignment. *See* 3162(a)(2)

---

[1] Defendant Soto's Motion to Adopt Motion of Codefendant [Dkt. # 44] and defendant Moreno's Motion to Join, Adopt, and Conform Motion filed by Codefendant [Dkt. # 45] is GRANTED.

1

("If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), . . . the indictment shall be dismissed on motion of the defendant."). The Court finds that the time period between September 30, 2022 and December 9, 2022 is not excludable under the STA. The Court also finds that the STA does not permit granting an ends of justice continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) based on contemporaneous findings at the August 31, 2022 hearing on the venue motions. *See, e.g., United States v. Tunnessen*, 763 F.2d 74, 77 (2d Cir. 1985) (ordering granting a continuance must be made at outset of excludable period); *United States v. Carey*, 746 F.2d 228, 230 (4th Cir. 1984) (retroactive continuances are inconsistent with the STA); *United States v. Goodwin*, No. 20-cr-00011-CJN, slip op. at 4 (D.D.C. Feb. 10, 2022) (Nichols, J.) ("While courts may retrospectively provide a rationale for an exclusion that was explicitly or implicitly granted, courts may not retrospectively grant exclusions.") (citing *Zedner v. United States*, 547 U.S. 489, 506–07 & n.7 (2006) and *United States v. Edwards*, 627 F.2d 460, 461–62 (D.C. Cir. 1980)).

The Court dismisses the Indictment without prejudice because the three factors provided in the STA support dismissal without prejudice. In determining whether to dismiss a case with or without prejudice, "the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on [the Speedy Trial Act] and on the administration of justice." § 3162(a)(2).

The Court finds that the seriousness of the offense factor weighs in favor of dismissal without prejudice. The defendants are alleged to have participated in a complex narcotics shipping conspiracy and shipped multi-kilogram quantities of cocaine, methamphetamine, and fentanyl imported from Mexico to at least 21 different states and the District of Columbia, over the course of two years on behalf of a larger Mexican drug trafficking organization. *See* Gov't's Resp. to Defs.' Mot. to Dismiss and Mot. for Excludable Delay, 10 [Dkt. 46]. The defendants face 120-month mandatory minimum sentences and a statutory maximum of life in prison. 21 U.S.C. §§ 960(b)(1)(B)(ii), 960(b)(1)(F), 960(b)(1)(H), 841(b)(1)(A)(ii)(II), 841(b)(1)(A)(vi), and 841(b)(1)(A)(viii). The Court easily finds that the offenses are very serious ones.

Additionally, the facts and circumstances leading to the dismissal of the indictment do not show a pattern of abuse or intentional conduct on the part of the Government. Indeed, the parties were not in a position to adequately prepare and try the case within the 70 day period at issue. Therefore, the Court finds that the facts and circumstances of the case do not justify dismissing the indictment with prejudice.

Finally, reprosecution will have no adverse impact on the Speedy Trial Act or on the administration of justice. Dismissal without prejudice is not a "toothless sanction" and forces the Government to "obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds." *United States v. Ferguson*, 565 F. Supp. 2d 32, 48 (D.D.C. 2008). Moreover, "whether a dismissal without prejudice will have an adverse impact on the administration of the Speedy Trial

Act or on the administration of justice depends, in large part, on the seriousness of the defendant's alleged crime and on the reasons for the delay." *United States v. Wright*, 6 F.3d 811, 816 (D.C. Cir. 1993). Here, as discussed above, the crimes are serious, and the delays did not arise from any bad faith by the Government and the parties were not in a position to adequately prepare for and try the case within 70 days.

Therefore, the defendants' Motion to Dismiss the Indictment with Prejudice for Violation of the Speedy Trial Act is GRANTED in part and the Indictment is hereby DISMISSED *without* prefudice.

_____
RICHARD J. LEON
United States District Judge